IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Plaintiff,                            CASE NO.: 8:23-cv-02970-MSS-UAM

v.

CAROL T. TAYLOR, SHELDON
FAULK, PATRICIA SOCORRO,
GLOBAL PIONEER BUSINESS
SOLUTIONS, LLC f/k/a GLOBAL
PIONEER BUSINESS SOLUTIONS,
INC.,

       Defendants,
_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR
DEFAULT FINAL DECLARATORY JUDGMENT**

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE

COMPANY ("State Farm"), pursuant to rule 56 of the Federal Rules of Civil

Procedure and pursuant to Local Rule 1.10(c), respectfully requests an Order of this

Honorable Court entering final summary judgment in favor of State Farm and against

Defendants CAROL T. TAYLOR, SHELDON FAULK, and GLOBAL PIONEER

BUSINESS SOLUTIONS, LLC f/k/a GLOBAL PIONEER BUSINESS

SOLUTIONS, INC. (hereinafter "Global Pioneer"), and entering a default final

declaratory judgment in favor of State Farm and against Defendants PATRICIA

SOCORRO and Global Pioneer, holding that (a) State Farm is not obligated by Policy

Number E18 1629-B19-59A or E24 5495-C26-59 to defend or indemnify PATRICIA

SOCORRO or Global Pioneer against the action brought against them by CAROL T. TAYLOR and SHELDON FAULK in the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 2019CA001084000000; and (b) State Farm is not otherwise obligated to defend or indemnify PATRICIA SOCORRO or Global Pioneer against the action brought against them by CAROL T. TAYLOR and SHELDON FAULK in the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 2019CA001084000000. In support thereof, State Farm states as follows:

## SUMMARY

State Farm insured the personal vehicles of the late Bridgette Copeland-Gould, who was the vice-president of Global Pioneer. Global Pioneer is a business involved in transporting persons for hire. An employee of Global Pioneer (PATRICIA SOCORRO) was involved in an accident while using her own vehicle to transport CAROL T. TAYLOR to a doctor's appointment. A dispute has arisen regarding whether the insurance policies covering Bridgette Copeland-Gould's personal vehicles would provide liability coverage to Global Pioneer or PATRICIA SOCORRO for this accident, but the policy language is clear that they do not. State Farm is entitled to a final declaratory judgment providing that State Farm is not obligated to defend or indemnify PATRICIA SOCORRO or Global Pioneer for their liability arising from the accident.

State Farm does not anticipate that Defendants will argue that the terms and conditions of Bridgette Copeland-Gould's insurance policies require State Farm to defend or indemnify PATRICIA SOCORRO or Global Pioneer. Instead, State Farm

anticipates that Defendants will proffer an estoppel argument based on a certificate of insurance that was erroneously signed by an employee of the State Farm agent through whom Ms. Copeland-Gould obtained her insurance policies, which incorrectly names the insured as Global Pioneer instead of Bridgete Copeland-Gould. Notwithstanding, the person who signed the certificate has explained that it is incorrect and was issued in error, and Florida law does not provide for coverage by estoppel under such circumstances.

**STATEMENT OF UNDISPUTED FACTS**

**I.    Global Pioneer and the Underlying Accident**

1.    Global Pioneer was a company engaged in the business of transporting persons for hire.[1]

2.    Bridgette Copeland-Gould was the vice-president of Global Pioneer.[2]

3.    Defendant PATRICIA SOCORRO was an employee of Global Pioneer employed to transport persons for hire. On July 18, 2017, Global Pioneer directed her to transport Defendant CAROL T. TAYLOR to a doctor's appointment using PATRICIA SOCORRO's own vehicle (a 2012 Kia Sportage).[3]

4.    While transporting CAROL T. TAYLOR to her doctor's appointment, they were involved in a car accident that caused injuries to CAROL T. TAYLOR.[4]

---

[1] Pl.'s Compl. ¶ 11 (ECF No. 1 ¶ 11); Defs.' Answer ¶ 11 (ECF No. 14 ¶ 11).
[2] Pl.'s Compl. ¶ 12 (ECF No. 1 ¶ 12); Defs.' Answer ¶ 12 (ECF No. 14 ¶ 12).
[3] Pl.'s Compl. ¶¶ 13-15 (ECF No. 1 ¶¶ 13-15); Defs.' Answer ¶¶ 13-15 (ECF No. 14 ¶¶ 13-15).
[4] Pl.'s Compl. ¶ 16 (ECF No. 1 ¶ 16); Defs.' Answer ¶ 16 (ECF No. 14 ¶ 16).

SHELDON FAULK is CAROL T. TAYLOR's spouse.[5]

5.    Ms. Copeland-Gould died on August 31, 2018.[6]

**II.    State Farm and Bridgette Copeland-Gould's Personal Vehicles**

6.    State Farm did not issue any insurance policies covering Patricia Socorro or Global Pioneer.[7] State Farm is, rather, the insurer of Ms. Copeland-Gould's personal vehicles.[8]

7.    Ms. Copeland-Gould's insurance policies both contain the same insuring clause applicable to their bodily injury liability coverage. The insuring clause states that State Farm "will pay damages an *insured* becomes legally liable to pay because of . . . *bodily injury* to others . . . caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy." (ECF No. 1-1 at 9; ECF No. 1-2 at 11.) The policies define "*insured*" as:

> 1.  *you* and *resident relatives* for:
>     a.  the ownership, maintenance, or use of:
>         (1) *your car*;
>         (2) a *newly acquired car*; or
>         (3) a *trailer*; and
>     b.  the maintenance or use of:
>         (1) a *non-owned car*; or
>         (2) a *temporary substitute car*;
> 2.  the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides primarily in *your* household, but only if such *car* is

---

[5] Pl.'s Compl. ¶ 17 (ECF No. 1 ¶ 17); Defs.' Answer ¶ 17 (ECF No. 14 ¶ 17).
[6] Davis Aff. ¶ 3 (ECF No. 28-2 at 2). Ms. Copeland-Gould's death is unrelated to any issue in this lawsuit.
[7] Owen Aff. ¶ 4 (ECF No. 28-5 at 1-2).
[8] Owen Aff. ¶ 6 (ECF No. 28-5 at 2); ECF Nos. 1-1 and 1-2.

neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3. any other *person* for his or her use of:
   a. *your car*;
   b. a *newly acquired car*;
   c. a *temporary substitute car*; or
   d. a *trailer* while attached to a *car* described in a., b., or c. above

   Such vehicle must be used with *your* express or implied permission; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. Above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

(ECF No. 1-1 at 8-9; ECF No. 1-2 at 10-11.)

8. The policies define "*you*" and "*your*" as "the named insured or named insureds shown on the Declarations Page" and "the spouse of the first person shown as a named insured if the spouse resides primarily with that named insured." (ECF No. 1-1 at 8; ECF No. 1-2 at 10.) They define "*resident relative*" as "a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page" and who is either related by blood, marriage, or adoption or a ward or foster child of the named insured. (ECF No. 1-1 at 7-8; ECF No. 1-2 at 9-10.)

9. PATRICIA SOCORRO is not related to Bridgette Copeland-Gould by blood, marriage, or adoption, nor did they reside together, nor was she her ward or foster child.[9]

---

[9] Davis Aff. ¶¶ 4-5 (ECF No. 28-2 at 2).

### III.    The Underlying Litigation

10.    CAROL T. TAYLOR and her husband, SHELDON FAULK, sued Global Pioneer and PATRICIA SOCORRO for negligence on March 15, 2019.[10] PATRICIA SOCORRO was served with process on April 12, 2019.[11] Global Pioneer was served on January 13, 2020.[12] On November 7, 2019, CAROL T. TAYLOR and SHELDON FAULK filed an amended complaint.[13]

11.    The amended complaint alleges that PATRICIA SOCORRO was driving her 2012 Kia when the accident occurred. that she was the owner of the vehicle, and that she was operating it in the course and scope of her employment with Global Pioneer.[14]

12.    State Farm provided a defense to PATRICIA SOCORRO and Global Pioneer under a reservation of rights and continues to defend them under a reservation of rights.[15]

13.    The action against PATRICIA SOCORRO and Global Pioneer remains pending.[16]

---

[10] Pl.'s Compl. ¶ 28 & Ex. 4 thereto (ECF No. 1 ¶ 28 & Ex. 4 thereto); Defs.' Answer ¶ 28 (ECF No. 14 ¶ 28).
[11] Smith Aff. at 1 (ECF No. 28-7 at 1).
[12] Roebig Aff. ¶ 5-7 (ECF No. 28-6 at 1-2).
[13] Pl.'s Compl. ¶ 29 & Ex. 5 thereto (ECF No. 1 ¶ 29 & Ex. 4 thereto; Defs.' Answer ¶ 29 (ECF No. 14 ¶ 29).
[14] ECF No. 1-5  at 2 ¶ 4, 3 ¶ 14.
[15] Fong Aff. ¶¶ 4-5 & Exs. 1-2 (ECF No. 28-4 at 2-6).
[16] Fong Aff. ¶ 6 (ECF No. 28-4 at 2).

## IV.    The Erroneous Certificate of Insurance at the Center of Defendants' Estoppel Argument

14.    During discovery in the underlying action, Global Pioneer and PATRICIA SOCORRO produced a copy of a "Certificate of Liability Insurance" to counsel for CAROL T. TAYLOR and SHELDON FAULK incorrectly indicating that State Farm had issued an insurance policy to Global Pioneer.[17] Neither CAROL T. TAYLOR or SHELDON FAULK ever saw or relied upon the "Certificate of Liability Insurance" before the accident; it is a document that was first produced to them in discovery after the accident occurred and after they filed suit.[18]

15.    State Farm had not in fact issued a policy covering Global Pioneer.[19] The two policy numbers listed on the "Certificate of Liability Insurance" correspond to the two insurance policies issued to Bridgette Copeland-Gould and covering her personal vehicles (a 2001 Ford Windstar and a 2002 Ford Escape).[20] The employee of the State Farm agency who signed the certificate admits that it was an error and that it incorrectly indicates that Global Pioneer was the insured when, in fact, it was not.[21]

16.    At the top of the "Certificate of Liability Insurance," it states in all

---

[17] Global Pioneer had entered into a "Subcontractor Agreement" with "Access 2 Care" for the transportation of passengers, which agreement required Global Pioneer to carry automobile insurance with "minimum of $300,000 combined single limit insurance coverage for vehicles at all times during the contract period" and provide Access 2 Care with certificates of insurance. Cahill Aff. ¶ 3 & Ex. 1 thereto at 3, 15 (ECF No. 28-1 at 2, 5, 17).

[18] Def. Taylor's Answers to Pl.'s Ints. ¶¶ 1-2 (ECF No. 28-9 at 1-2); Def. Faulk's Answers to Pl.'s Ints. ¶¶ 1-2 (ECF No. 28-8 at 1-2).

[19] Owen Aff. ¶ 4 (ECF No. 28-5 at 1-2).

[20] See Owen Aff. ¶ 6 (ECF No. 28-5 at 2).

[21] Flowers Aff. ¶¶ 3-4, 7-9, 13 (ECF No. 28-3 at 1-4).

capitals:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

(ECF No. 1-3.)

17.     The agency never transmitted the "Certificate of Liability Insurance" to State Farm, which was unaware of it.[22]

## MEMORANDUM OF LAW

### I.     Summary-Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2024). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

Here, the affidavit of Jonathan Owen establishes that State Farm did not issue a policy covering PATRICIA SOCORRO or Global Pioneer. The only indications to the contrary are the two "Certificates of Liability Insurance" signed by Sarah Flowers,

---

[22] Flowers Aff. ¶ 15 (ECF No. 28-3 at 4); Owen Aff. ¶ 5 (ECF No. 28-5 at 2).

but she has explained that she signed these in error, that she in fact never obtained insurance for Global Pioneer, and that the policy numbers listed on these documents are for the personal vehicles of Bridgette Copeland-Gould. Accordingly, State Farm has demonstrated through affidavits that it never insured PATRICIA SOCORRO or Global Pioneer, and there is no admissible evidence that it did.

## II.    Bridgette Copeland-Gould's personal automobile policies do not provide coverage for the accident in question.

### A. PATRICIA SOCORRO and Global Pioneer fall outside the policies' definition of "*insured*."

Bridgette Copeland-Gould's two personal automobile policies are for all intents and purposes identical except for the policy periods and vehicles covered. The policies' bodily injury insuring agreement states that State Farm "will pay damages an ***insured*** becomes legally liable to pay because of . . . ***bodily injury*** to others . . . caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy." (ECF No. 1-1 at 9; ECF No. 1-2 at 11.) The policies define "***insured***" as:

> 1. *you* and *resident relatives* for:
>    a. the ownership, maintenance, or use of:
>       (1) *your car*;
>       (2) a *newly acquired car*; or
>       (3) a *trailer*; and
>    b. the maintenance or use of:
>       (1) a *non-owned car*; or
>       (2) a *temporary substitute car*;
> 2. the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who

      resides primarily in *your* household, but only if such *car* is neither *owned by*, nor furnished by an employer to, the first *person* shown as a named insured on the Declarations Page or that *person's* spouse;

3. any other *person* for his or her use of:
   a. *your car*;
   b. a *newly acquired car*;
   c. a *temporary substitute car*; or
   d. a *trailer* while attached to a *car* described in a., b., or c. above

   Such vehicle must be used with *your* express or implied permission; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. Above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

(ECF No. 1-1 at 8-9; ECF No. 1-2 at 10-11.)

      The policies' declarations pages list only Bridgette Copeland-Gould (ECF No. 1-1 at 1; ECF No. 1-2 at 1), and PATRICIA SOCORRO did not reside with her. Accordingly, PATRICIA SOCORRO does not fall within the definition of "*you*" (defined as "the named insured or named insureds shown on the Declarations Page") or of "*resident relative*" (defined as "a *person*, other than *you*, who resides primarily with the first *person* shown as a named insured on the Declarations Page" and who is either related by blood, marriage, or adoption or a ward or foster child of the named insured). The first two definitions of "*insured*" require someone to be either named on the declarations page or be *resident relative* of a person named on the declarations page. Because she was neither named on the declarations page nor the spouse or relative of the person who was (Bridgette Copeland-Gould), PATRICIA SOCORRO does not

fall within the first two definitions of "*insured*." Because it is not a "*person*," Global Pioneer also falls outside this definition.

The third definition includes any "*person*" for use of "*your car*" or a "*newly acquired car*" or a "*temporary substitute car*." The policies define "*your car*" as "the vehicle shown under 'YOUR CAR' on the Declarations Page." (ECF No. 1-1 at 8; ECF No. 1-2 at 10.) They define "*newly acquired car*" as "a *car* newly *owned by you*" (ECF No. 1-1 at 7; ECF No. 1-2 at 9), but it is undisputed that PATRICIA SOCORRO was driving her own Kia Sportage, not a vehicle owned by Bridgette Copeland-Gould or listed on either of her declarations pages. The policies define "*temporary substitute car*" as a car that "replaces *your car* for a short time while *your car* is out of use" and "neither *you* nor the *person* operating it own or have registered" (ECF No. 1-1 at 8; ECF No. 1-2 at 10), so it would not be possible for PATRICIA SOCORRO's Kia Sportage to fall within this definition, either, because it was owned by the person operating it (PATRICIA SOCORRO). Again, Global Pioneer also falls outside this definition because it is not a "*person*."

Lastly, the fourth definition encompasses persons or organizations vicariously liable for use of a vehicle by an "*insured*" under one of the other three definitions, but as explained above, PATRICIA SOCORRO does not qualify as an *insured* under any of these three definitions.

**B. The policies, by their terms, do not require State Farm to defend or indemnify PATRICIA SOCORRO or Global Pioneer.**

The construction of an insurance policy is a question of law to be determined

11

by the court. *DEC Elec., Inc. v. Raphael Const. Corp.*, 558 So. 2d 427, 428 (Fla. 1990). "Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written." *Washington Nat'l Ins. Corp. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013). Where a complaint alleges facts that fall outside of a policy's coverage provisions, no duty to defend arises. *See Old Republic Ins. Co. v. W. Flagler Assocs.*, 419 So. 2d 1174, 1177 (Fla. 3d DCA 1982).

Here, CAROL T. TAYLOR and SHELDON FAULK's amended complaint alleges that PATRICIA SOCORRO was driving a vehicle belonging to her, and they also admit this in their Answer to State Farm's complaint. Accordingly, the terms and conditions of the policies covering Bridgette Copeland-Gould's Ford Escape and Ford Windstar do not provide coverage to PATRICIA SOCORRO or Global Pioneer for an accident that occurred in PATRICIA SOCORRO's Kia Sportage. Stated differently, there is no possibility of coverage for PATRICIA SOCORRO or Global Pioneer under Bridgette Copeland-Gould's insurance policies covering her personal vehicles, and therefore State Farm has no duty to defend them against the action brought by CAROL T. TAYLOR and SHELDON FAULK. *See Underwriters at Lloyds London v. STD Enterprises, Inc.*, 395 F. Supp. 2d 1142, 1151 (M.D. Fla. 2005) (holding that, where the underlying facts show that there is no possibility of coverage under an insurance policy, the insurer has no further duty to defend). As the duty to defend is broader than the duty to indemnify, it follows that where there is no duty to defend, there is also no duty to indemnify. *Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325,

1331 (S.D. Fla. 2006) (citations omitted).

## III. Insurance coverage that does not exist cannot be created by estoppel.

It should come as no surprise that the insurance policies covering the personal vehicles of a corporate officer do not cover accidents involving corporate employees' personal vehicles, and State Farm does not anticipate that Defendants will make any serious argument that they do. Instead, State Farm expects Defendants will argue that State Farm is somehow estopped from denying that it provides liability coverage to Global Pioneer or PATRICIA SOCORRO because of the Certificate of Liability Insurance erroneously signed by an employee of Ms. Copeland-Gould's State Farm agent.

"The general rule is that the doctrine of estoppel does not operate to create coverage where coverage does not exist." *Wheeland v. State Farm Fire & Cas. Co.*, 668 So. 2d 337 (Fla. 3d DCA 1996) (Mem.) (citations omitted).[23] "The general rule is well established that the doctrine of waiver and estoppel based upon the conduct or action of the insurer (or his agent) is not applicable to matters of coverage as distinguished

---

[23] There is one very narrow exception to this rule where an insurer defends without reserving its rights and thereby causes prejudice to the one claiming to be insured. *See Solar Time Ltd. v. XL Specialty Ins. Co.*, 142 Fed. App'x 430, 434 (11th Cir. 2005) (citing *Doe v. Allstate Ins. Co.*, 653 So. 2d 371, 373 (Fla. 1995)). But such prejudice is not present where the insurer provides a reservation of rights from the outset (as State Farm did here) and the defendant essentially receives a free defense for part of the underlying litigation. *See Solar Time*, 142 Fed. App'x at 434-35. Here, PATRICIA SOCORRO and Global Pioneer have benefitted from receiving a gratuitous defense from State Farm while State Farm pursued a determination that it was not required to provide a defense, but State Farm was clear up front that it was not waiving its coverage defenses and was reserving its rights, so they could not have been prejudiced by the receipt of a free defense.

from grounds for forfeiture." *Six L's Packing Co., Inc. v. Fla. Farm Bureau Mut. Ins. Co.*, 268 So. 2d 560, 563 (Fla. 4th DCA 1972), *opinion adopted*, 276 So. 2d 37 (Fla. 1973). "In other words, while an insurer may be estopped by its conduct from seeking a *forfeiture* of a policy, the insurer's coverage or restrictions on the *coverage* cannot be extended by the doctrine of waiver and estoppel." 268 So. 2d at 563 (emphasis in original).

Though an employee of a State Farm agency erroneously issued a certificate incorrectly misidentifying the insured as Global Pioneer, Florida law does not convert this error into State Farm's legal obligation to provide a defense or indemnity that it never agreed to provide. Whether State Farm has an obligation to defend and indemnify PATRICIA SOCORRO or Global Pioneer turns on the terms and conditions of the insurance policies whose numbers appear on the Certificate of Insurance, not on assumptions prompted by the certificate, which itself states that it does not change the terms and conditions of the policies. As explained *supra*, the policies, by their terms, do not provide for a duty to defend or indemnify PATRICIA SOCORRO or Global Pioneer against the suit brought against them by CAROL T. TAYLOR and SHELDON FAULK.

## IV. Entry of a Default Final Declaratory Judgment Against Patricia Socorro and Global Pioneer

The Clerk has entered defaults against Global Pioneer and PATRICIA SOCORRO. (ECF Nos. 25 & 27.) As explained below, the effect of the defaults is to deem all well-pled allegations in the Complaint to be admitted by these two defendants

and to entitle State Farm to a default final declaratory judgment against them.

## A.    Compliance with Servicemembers Civil Relief Act

Under the Servicemembers Civil Relief Act, a plaintiff seeking a default must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit . . . ." 50 U.S.C. § 3931(b)(1)(A) (2024). Plaintiff has filed the affidavit of Andrew Calvin, which attests that Defendant PATRICIA SOCORRO is not in the Armed Services (as defined in the statute). (ECF No. 21-1.) The affidavit also complies with the statute by showing the necessary facts to support the affidavit and attaches documentation relating to his investigation. (ECF No. 21-1 ¶ 3 & Ex. thereto.)

A non-military affidavit is not required for Global Pioneer because it is a corporation. *See Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021) (holding that an affidavit attesting to military status of a defendant is not applicable to corporate defendants).

## B.  Effect of the Clerk's Defaults against PATRICIA SOCORRO and Global Pioneer

The mere entry of a clerk's default does not, alone, require entry of a default judgment by the Court; the Court still must find that there is a sufficient basis in the pleadings for the relief requested in an inquiry akin to the standard necessary to survive a motion to dismiss. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded factual allegations and bars defendants from contesting those

facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citation omitted). "Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the [p]laintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief." *State Farm Mut. Auto. Co. v. Dietrick*, No. 6:21-CV-1004-RBD-GJK, 2021 WL 8201552, at *2 (M.D. Fla. Dec. 28, 2021) (quoting *Johnson v. Cate*, No. 1:09-cv-00502-OWW-SMS, 2009 WL 2151370, at *2 (E.D. Cal. July 17, 2009) (alteration in original)), *report and recommendation adopted*, 2022 WL 1238618 (M.D. Fla. Jan. 18, 2022).

### C. Entry of a Default Final Declaratory Judgment against PATRICIA SOCORRO and Global Pioneer is appropriate.

Where a complaint's well-pleaded allegations support an insurer plaintiff's claim for a declaratory judgment that it has no duty to defend or indemnify a defaulting defendant against a co-defendant's claim, entry of a default final declaratory judgment finding the absence of such duties is appropriate. *See State Farm Mut. Auto. Ins. Co. v. Lampila*, No. 2:23-cv-342-SPC-KCD, 2023 WL 6131053, at *2-3 (M.D. Fla. Aug. 28, 2023), *report and recommendation adopted*, 2023 WL 6123755 (M.D. Fla. Sept. 19, 2023).

Here, the allegations in State Farm's complaint establish that it did not insure PATRICIA SOCORRO or Global Pioneer (ECF No. 1 at 4 ¶¶ 21-21), and this is also independently established by the affidavit of Jonathan Owen. (Owen Aff. ¶ 4.) The policies issued to Bridgette Copeland-Gould (ECF Nos. 1-1 and 1-2) are also pled to be true and correct copies of those policies (ECF No. 1 at 4 ¶ 18) and are likewise

independently authenticated by the affidavit of Jonathan Owen (Owen Aff. ¶ 6.)

For the reasons explained *supra* at 8-10, the policies' terms and conditions do not provide coverage for the accident of July 18, 2017. Accordingly, whether in the procedural form of a summary judgment or a default final declaratory judgment, State Farm is entitled to a declaration that it has no duty to defend or indemnify Global Pioneer or PATRICIA SOCORRO in relation to the claims asserted against them by CAROL T. TAYLOR and SHELDON FAULK.

**V.    State Farm is entitled to a Final Declaratory Judgment providing that it does not have a duty to defend or indemnify PATRICIA SOCORRO or Global Pioneer against the suit being brought against them by CAROL T. TAYLOR and SHELDON FAULK.**

State Farm never issued an insurance policy to PATRICIA SOCORRO or Global Pioneer. It issued two insurance policies to Bridgette Copeland-Gould, but by their terms, those policies do not provide coverage to PATRICIA SOCORRO or to Global Pioneer. The issuance of erroneous "Certificates of Liability Insurance" by Ms. Sarah Flowers is unfortunate, but such does not give rise to coverage by estoppel under Florida law.

Instead, Florida law is clear that an insurer's duty to defend can only arise from a statute or a contract. *Rad Source Tech., Inc. v. Essex Ins. Co.*, 902 So. 2d 264, 265 (Fla. 4th DCA 2005) (citation omitted). Here, there is no statute or contract requiring State Farm to defend PATRICIA SOCORRO or Global Pioneer. Because the duty to defend is broader than the duty to indemnify, it follows that there cannot be a duty to indemnify where there is no duty to defend. *Nova Cas. Co. v. Waserstein*, 424 F. Supp.

2d 1325, 1331 (S.D. Fla. 2006) (citations omitted). Accordingly, State Farm is entitled to a declaratory judgment holding that State Farm is not required to defend or indemnify PATRICIA SOCORRO or Global Pioneer against the action brought against them by CAROL T. TAYLOR and SHELDON FAULK arising from the car accident of July 18, 2017. State Farm is entitled to summary judgment against all Defendants and, also, to a default final declaratory judgment against Defendants PATRICIA SOCORRO and Global Pioneer.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests entry of a final declaratory judgment in favor of Plaintiff and against all Defendants holding that:

a. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is not obligated by Policy Number E18 1629-B19-59A or E24 5495-C26-59 to defend or indemnify PATRICIA SOCORRO or GLOBAL PIONEER BUSINESS SOLUTIONS, LLC f/k/a GLOBAL PIONEER BUSINESS SOLUTIONS, INC. against the action brought against them by CAROL T. TAYLOR and SHELDON FAULK in the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 2019CA001084000000; and

b. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is not otherwise obligated to defend or indemnify PATRICIA SOCORRO or GLOBAL PIONEER BUSINESS SOLUTIONS, LLC f/k/a GLOBAL PIONEER BUSINESS SOLUTIONS, INC. against the action brought against

them by CAROL T. TAYLOR and SHELDON FAULK in the Tenth Judicial

Circuit in and for Polk County, Florida, Case No. 2019CA001084000000.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ James Michael Shaw, Jr.
JAMES MICHAEL SHAW, JR., ESQ.
Florida Bar No.:  0677851
jshaw@butler.legal
NAOMI R. ROBERTSON, ESQ.
Florida Bar No.: 1032076
nrobertson@butler.legal
Secondary: mbumoskey@butler.legal
              mmcnaull@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:    (813) 281-1900
Facsimile:     (813) 281-0900
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Thomas D. Roebig, Jr., Esq.
Sarah K. Bartlett, Esq.
FLORIN ROEBIG, PA
777 Alderman Road
Palm Harbor, FL 34683
tdr@florinroebig.com
sbartlett@florinroebog.com

via CM/ECF on July 15, 2024.

s/ James Michael Shaw, Jr.
JAMES MICHAEL SHAW, JR., ESQ.