IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Plaintiff,

v.

CASE NO.: 8:23-cv-02970-MSS-UAM

CAROL T. TAYLOR,
SHELDON FAULK, PATRICIA
SOCORRO, GLOBAL PIONEER
BUSINESS SOLUTIONS, LLC
f/k/a GLOBAL PIONEER
BUSINESS SOLUTIONS, INC.,

    Defendants.

_____/

## DEFENDANTS, CAROL T. TAYLOR'S AND SHELDON FAULK'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR DEFAULT FINAL DECLARATORY JUDGMENT

COME NOW, Defendants, CAROL T. TAYLOR ("TAYLOR") and SHELDON FAULK ("FAULK"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 56, and file this Response in Opposition to Plaintiff's Motion for Summary Judgment and Motion for Default Final Declaratory Judgment, and in support thereof states as follows:

## STATEMENT OF FACTS

GLOBAL PIONEER BUSINESS SOLUTIONS, LLC ("GLOBAL PIONEER") was a business that transported persons for hire, with Bridgette Copeland-Gould ("Copeland-Gould") as its vice president. (Doc. 1-1, Compl. ¶¶ 11-12; Doc. 14, Answer ¶¶ 11-12). On July 18, 2017, GLOBAL PIONEER directed its employee PATRICIA SOCORRO ("SOCORRO") to transport TAYLOR to a doctor's appointment, and while transporting TAYLOR, SOCORRO caused a car accident, which injured TAYLOR. (Doc. 1-1, Compl. ¶¶ 13-16; Doc. 14, Answer ¶¶ 13-16). TAYLOR and FAULK then sued GLOBAL PIONEER and SOCORRO for negligence on March, 15, 2019 and filed an amended complaint on November 7, 2019. (Doc. 1-1, Compl. ¶¶ 28-29; Doc. 14, Answer ¶¶ 28-29). STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ('STATE FARM") is defending SOCORRO and GLOBAL PIONEER under a reservation of rights, and that action against them remains pending in state court. (Doc. 28-4, Fong Aff. ¶¶ 4-6).

STATE FARM issued insurance policies to Copeland-Gould naming her as the insured and providing her bodily injury indemnity coverage. (Doc. 1-1, Compl. Exs. 1-2). Then, on two separate occasions, licensed insurance agent Sarah Flowers ("Flowers") issued Certificates of Liability Insurance for the policies naming GLOBAL PIONEER the insured: once on August

2

16, 2016, and again on February 22, 2017. (Docs. 30-2, 30-4, Flowers Dep. Pl.'s Exs. 1, 3). Flowers has held a 2-20 General Lines Agent License in Florida since 2011, which permits her to transact property and casualty lines of indemnity coverage. (Doc. 30-1, Flowers Dep. 6:24–7:10). Flowers is employed by the Costello Insurance agency exclusively selling STATE FARM's insurance products, has the authority to put policies into force, and can herself bind insurance coverage for a customer and/or policy holder. (Doc. 30-1, Flowers Dep. 7:11–8:24, 27:3–6, 51:11–15).

Flowers has testified that she would provide a customer with a certificate of insurance to show that they have a policy of insurance and what may be included in the insuring policy, particularly with regard to liability coverage. (Doc. 30-1, Flowers Dep. 17:3–16). And the person to whom the certificate of insurance is provided relies upon this certification that they have liability coverage. (Doc. 30-1, Flowers Dep. 17:17–20). In the instant matter, the "certificate of liability insurance" was issued to GLOBAL PIONEER with bodily injury liability coverage, accompanying policy numbers, and policy effective dates. (Doc. 30-4, Flowers Dep. Pl.'s Ex. 3). The certificate of insurance was certified for an "Any Auto" liability coverage and signed by Flowers as the "Authorized Representative." (Doc. 30-4, Flowers Dep. Pl.'s Ex. 3). As Flowers attested, "I can bind coverage for a policy holder." (Doc. 30-1, Flowers Dep. 51:12–15). Certificates of Coverage for GLOBAL PIONEER were provided by Flowers on August 16, 2016, and again

3

certified on February 22, 2017. (Docs. 30-2, 30-4, Flowers Dep. Pl.'s Exs. 1, 3). Flowers noted that certificates such as these are used to show proof that liability coverage is on a policy of insurance. (Doc. 30-1, Flowers Dep. 65:22–25). A review of the certificates of insurance here reveals that their purpose "is to certify that the policies of insurance listed below have been issued to the insured named above for the policy period indicated." (Docs. 30-2, 30-4, Flowers Dep. Pl.'s Exs. 1, 3).

## MEMORANDUM OF LAW

STATE FARM has failed to show that there is no genuine dispute as to any material fact and is therefore not entitled to judgment as a matter of law. On a motion for summary judgment, the movant must show "that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-movant." Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996). When determining whether summary judgment is appropriate, the court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995). In ruling on summary judgment, the court may consider "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

4

materials." Fed. R. Civ. P. 56(c)(1)(A). Here—viewing the evidence and making all reasonable inferences in favor of TAYLOR and FAULK—because a reasonable jury could find that STATE FARM is obligated to defend and indemnify GLOBAL PIONEER and SOCORRO, STATE FARM's motion should be denied.

STATE FARM is obligated to defend and indemnify GLOBAL PIONEER and SOCORRO because STATE FARM's exclusive agent authorized and certified coverage to the insured, GLOBAL PIONEER. Under Florida law, all persons transacting insurance in Florida must comply with the Florida Insurance Code, and the Code overrides any policy language conflicting with it. Fla. Stat. § 624.11 (2024).[1] The Florida Insurance Code defines an insurance policy as "a written contract of insurance . . . *or the certificate thereof.*" Fla. Stat. 627.402(3) (2024) (emphasis added). In Liberty Mut. Fire. Ins. Co. v. State Farm Fla. Ins. Co., the certificate of insurance—but not the corresponding policy—named an entity as an "additional insured." Liberty Mut. Fire. Ins. Co. v. State Farm Fla. Ins. Co., 2022 U.S. App. LEXIS 9233, at *2, *5 (11th Cir. Apr. 6, 2022). Furthermore, that certificate had a disclaimer that it was "not a contract of insurance." Id. at *5. Applying Florida law, the Eleventh Circuit held that because ambiguities in insurance

---

[1] See also Griffin v. Am. Gen. Life & Accident Ins. Co., 752 So. 2d 621, 624 (Fla. 2d DCA 1999) ("Parties are not free to create insurance contracts that conflict with state law."); Interstate Fire & Cas. Co. v. Abernathy, 93 So. 3d 352, 358 n.11 (Fla. 1st DCA 2012) (noting that the Florida Legislature has preempted insurance regulation and requires compliance with statutory insurance provisions).

5

should be construed against insurers and in favor of broad coverage, the certificate of insurance entitled the entity to coverage, despite the disclaiming language. Id. at *11. Furthermore, "[b]ecause of the agency relationship, the acts of an insurance agent are generally attributable to and binding upon the insurance company." Amstar Ins. Co. v. Cadet, 862 So. 2d 736, 740 (Fla. 5th DCA 2003) (citing Hardy v. American S. Life Ins. Co., 211 So. 2d 559 (Fla. 1968) and Johnson v. Life Ins. Co. of Ga., 52 So. 2d 813 (Fla. 1951)) (other citations omitted).

STATE FARM's exclusive agent bound STATE FARM to provide GLOBAL PIONEER coverage by issuing a certificate of liability insurance naming GLOBAL PIONEER as the insured and defined terms of coverage. STATE FARM had issued contracts in Florida for insurance policies E24 5495-C26-59 and E18 1629-B19-59A, both found on the subject certificate of insurance. (Doc. 1-1, Compl. Exs. 1-2). Hence, the Florida Insurance Code controls the policies. Moreover, Flowers issued two separate certificates of liability insurance for the policies: one on August 16, 2016, and another on February 22, 2017. (Doc. 28-3, Flowers Aff. Exs. 1-2). Flowers has held a 2-20 general lines license in Florida since 2011, is employed for an insurance agency that exclusively sells State Farm insurance policies, has the authority to put policies into force, and can bind coverage for a policy holder. (Doc. 30-1, Flowers Dep. 6:24–8:24, 27:3–6, 51:11–15). Thus, Flowers's issuance of the

February 22, 2017 certificate is binding on STATE FARM to provide coverage for the subject July 18, 2017 car accident.

Because the Florida Insurance Code includes the certificate of insurance as part of the definition of "policy," Fla. Stat. 627.402(3) (2024), the certificate of liability insurance in this case is part of the insurance policy, regardless of the certificate's disclaiming language. As in Liberty Mut. Fire Ins. Co., the certificates of liability insurance — though not the corresponding insurance contracts — name GLOBAL PIONEER as the insured under the policies. (Doc. 28-3, Flowers Aff. Exs. 1-2). Thus, like Liberty Mut. Fire Ins. Co., there exists an ambiguity between the certificates and the contracts, which — in accordance with the rule that ambiguities be construed against insurers and in favor of broad coverage — means that the certificates entitle GLOBAL PIONEER to coverage, regardless of disclaiming language. Therefore, STATE FARM has a duty to defend and to indemnify GLOBAL PIONEER and SOCORRO, and STATE FARM's motion should be denied.

## CONCLUSION

WHEREFORE, Defendants, CAROL T. TAYLOR and SHELDON FAULK, respectfully request that this Honorable Court DENY Plaintiff's Motion for Summary Judgment and Motion for Default Final Declaratory Judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been served by electronic notification generated by the CM/ECF system on all counsel of record.

DATED: 2 August 2024

FLORIN ROEBIG, P.A.

THOMAS D. ROEBIG, JR., ESQ., B.C.S.
Florida Bar No.: 651702
Email: TDR@florinroebig.com
**SARAH K. BARTLETT, ESQ.**
Florida Bar No.: 1030881
Email: sbartlett@florinroebig.com
Secondary Email:
PIService@florinroebig.com
777 Alderman Road
Palm Harbor, FL 34683
Telephone: (727) 786-5000
Facsimile: (727) 772-9833
**Attorneys for Defendants Carol T. Taylor and Sheldon Faulk**